Filed 4/3/23  P. v. Rivera CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ANGEL HERNANDEZ RIVERA,<br><br>Defendant and Appellant. | C095684<br><br>(Super. Ct. No. 18FE011519) |

A jury found defendant Miguel Angel Hernandez Rivera guilty of 14 counts of committing a lewd and lascivious act on a child under the age of 14 (Pen. Code, § 288, subd. (a)[1]—counts 1-7, 14-20), three counts of committing a lewd and lascivious act on a 14 year old while being at least 10 years older (§ 288, subd. (c)(1)—counts 8-10), one count of going to meet a minor for a lewd purpose (§ 288.4, subd. (b)—count 11), and

---

[1] Undesignated statutory references are to the Penal Code.

1

two counts of annoying or molesting a child (§ 647.6, subd. (a)—counts 12 and 13). The jury found that defendant committed his violations of section 288 against more than one victim (§ 1203.066, subd. (a)(7)) and was out on bail when he committed at least one of the offenses in counts 14 through 20 (§ 12022.1).

The trial court sentenced defendant to 34 years in prison: three years on count 1; two years each on counts 2 through 7; eight months each on counts 8 through 10; one year on count 11; two years each on counts 14 through 20; and two years for the section 12022.1 enhancement. The trial court also sentenced defendant to one year each on counts 12 and 13, to be served in county jail, which was ultimately deemed served based on his credit for time served.

On appeal, defendant raises three arguments pertaining to his conviction for going to meet a minor for lewd a purpose (count 11): (1) there was insufficient evidence that he went to the arranged meeting place; (2) his sentence was unauthorized because the verdict did not contain a finding that he went to the arranged meeting place; and (3) the trial court had a sua sponte duty to instruct on the lesser included offense of arranging a meeting with a minor for a lewd purpose (§ 288.4, subd. (a)). We will affirm the judgment.

## I. BACKGROUND

In light of the issues raised by defendant, we summarize only those facts that are relevant to the question of whether he went to the arranged meeting place with respect to count 11:

On June 14, 2018, the victim made a pretext call to defendant from the police station. Defendant said he would pick the victim up from his house to go somewhere. At 1:20 p.m., defendant texted the victim that he would be there at 2 p.m. Just before 2 p.m., defendant sent a text message to the victim stating that he was there. Defendant pulled his vehicle up to the curb in front of the victim's house. A police officer testified the vehicle was running. Officers conducted a felony vehicle stop and arrested defendant.

2

## II. DISCUSSION

### A.      *Sufficiency of the Evidence*

Section 288.4, subdivision (a)(1) provides, in relevant part: "Every person who, motivated by an unnatural or abnormal sexual interest in children, arranges a meeting with a minor . . . for the purpose of exposing his or her genitals or pubic or rectal area, having the child expose his or her genitals or pubic or rectal area, or engaging in lewd or lascivious behavior, shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment."  Subdivision (b) increases the proscribed punishment when this person also "goes to the arranged meeting place at or about the arranged time."  Defendant argues there was insufficient evidence that he went to the arranged meeting place.  We disagree.

"In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence— evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.]  The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

The meeting place was at the victim's house, and the plan was for defendant to pick up the victim and take him elsewhere.  Defendant argues there was not substantial evidence from which the jury could conclude he went to the arranged meeting place, because the victim was not there and he did not go inside the victim's house.  A conviction under section 288.4, subdivision (b) does not require that the victim went to the arranged meeting place—only the defendant.  Similarly, defendant has identified no legal or factual basis for his assertion that he had to go inside the house to have gone "to the arranged meeting place." (§ 288.4, subd. (b).)  We agree with the People that

3

defendant indisputably went to the arranged meeting place. Indeed, defendant texted the victim that he was there. As such, substantial evidence supported a conviction under section 288.4, subdivision (b). We turn now to the question of whether the jury convicted defendant of this offense.

B. *Verdict Form*

Defendant argues his sentence was unauthorized because the verdict form did not contain a finding that he went to the arranged meeting place at or about the arranged time. We are unpersuaded.

" ' " 'A verdict is to be given a reasonable intendment and be construed in light of the issues submitted to the jury and the instructions of the court.' [Citations.]" [Citations.] "The form of a verdict is immaterial provided the intention to convict of the crime charged is unmistakably expressed. [Citation.]" [Citation.] "[T]echnical defects in a verdict may be disregarded if the jury's intent to convict of a specified offense within the charges is unmistakably clear, and the accused's substantial rights suffered no prejudice. . . ." ' ' 'The verdict is insufficient only "if it be susceptible of a different construction than that of guilty of the crime charged." ' " (*People v. Chevalier* (1997) 60 Cal.App.4th 507, 514.)

" '[T]he jury's function [is] to find whether the facts necessary for conviction [have] been proven, by assessment of the evidence admitted at trial in light of the court's instructions defining the types and quanta of facts necessary for conviction. The verdict, culminating this process, [is] the jury's statement whether it [has] or [has] not found those facts.' [Citation.] '[T]he function of the verdict is to register the jury's determination of whether the evidence sufficiently establishes the facts that the instructions recite are necessary to conviction.' [Citation.] There is no need in this factfinding process for the enumeration in the verdict of all of the elements of the offense or enhancement." (*People v. Chevalier, supra*, 60 Cal.App.4th at p. 514, emphasis omitted.)

4

The jury's verdict as to count 11 stated: "We the jury in the above-entitled action, find the defendant, MIGUEL HERNANDEZ-RIVERA, GUILTY of a violation of . . . Section 288.4(b), arrange [*sic*] a meeting with a minor, to wit, [J. Doe], for the purpose of exposing his genitals, having the child expose his genitals or pubic or rectal area or engaging in lewd and lascivious behavior on or about June 14, 2018, *as charged in Count Eleven of the Information.*" (Italics added.) The verdict did not specifically mention the requirement that defendant went "to the arranged meeting place at or about the arranged time," but did specifically reference the charges in the information. Further, "a verdict should be construed in connection with the information." (*People v. Mackabee* (1989) 214 Cal.App.3d 1250, 1256.)

Defendant concedes the information properly charged the section 288.4, subdivision (b) offense and specifically alleged he "did go to the arranged meeting place at or about the arranged time."

Accordingly, the jury was instructed, in relevant part, that defendant was "charged in Count Eleven with going to a meeting with a minor for a lewd purpose in violation of . . . section 288.4(b). [¶] To prove that the defendant is guilty of this crime, the People must provide that: [¶] 1. The defendant arranged a meeting with a minor; [¶] . . . [¶] AND [¶] 4. The defendant went to the arranged meeting place at or about the arranged time."

It is unmistakably clear from the instructions and the verdict that the jury found defendant guilty of the crime of going to a meeting with a minor for a lewd purpose under section 288.4, subdivision (b), and that, in so doing, it found defendant went to the arranged meeting place at or about the arranged time. We therefore reject defendant's assertion that his sentence was unauthorized.

C.    *Lesser Included Offenses*

Arranging a meeting with a minor for a lewd purpose under section 288.4, subdivision (a) is a lesser included offense of going to meet a minor for a lewd purpose

5

under section 288.4, subdivision (b). (*People v. Ramirez* (2019) 43 Cal.App.5th 538, 546-548.) The trial court instructed only on section 288.4, subdivision (b). Defendant argues the trial court had a sua sponte duty to instruct on the lesser included offense. We disagree. " 'A trial court must instruct the jury on a lesser included offense, whether or not the defendant so requests, whenever evidence that the defendant is guilty of only the lesser offense is substantial enough to merit consideration by the jury.' " (*People v. Nieves* (2021) 11 Cal.5th 404, 463.) "We review de novo the trial court's determination." (*Ibid.*)

Defendant argues a reasonable juror could have concluded from the fact the victim was not at his house and defendant was arrested outside the house that the evidence raised a question whether defendant went to the arranged meeting place. We disagree. As we previously concluded, the fact that defendant went to the arranged meeting place was indisputable.

## III. DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

MESIWALA, J.